[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10641
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20778-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JESUS AGUILAR MEZA,
a.k.a. Jose Aguilar de Jesus,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 21, 2015)

Before HULL, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jose Jesus Aguilar Meza appeals his 84-month sentence, imposed within the advisory Guidelines range,[1] after he pleaded guilty to re-entering the United States after having been deported, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Aguilar Meza argues that his sentence was substantively unreasonable because the district court failed to give sufficient weight to his rehabilitative efforts, the non-violent nature of his offense, and his reasons for re-entering the United States, and improperly emphasized his criminal history.  After careful review, we find no reversible error and affirm.

Our review of the reasonableness of a sentence is a two-step process.  First, we ensure that the district court committed no "significant procedural error." United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence."  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam) (citing Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).

Second, we review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard.  United States v. Livesay, 525 F.3d 1081,

---

[1] Aguilar Meza's advisory Guidelines range was 70–87 months.

1091 (11th Cir. 2008). We may not vacate a sentence simply "because we would have decided that another one is more appropriate." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). Instead, we must be "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation omitted).

To begin, Aguilar Meza does not argue that the district court committed any procedural error, and we find none. And although we may, perhaps, have decided that another sentence was more appropriate, we are not left with the "definite and firm conviction" that his sentence is substantively unreasonable under our deferential standard of review. Id. While Aguilar Meza argues the district court failed to give due consideration to his characteristics and background, the court expressly stated that it had considered his reason for illegally reentering the United States, which was to be closer to his wife and seven children, and that he did not have any recent violent offenses in his criminal history. However, the court also explained that, in light of Aguilar Meza's repeated attempts to illegally re-enter the United States—including an unprosecuted attempt just one year earlier—a within-Guidelines sentence was necessary to provide deterrence and promote respect for

3

the law.  Aguilar Meza has not shown that his sentence is substantively unreasonable.

**AFFIRMED.**